UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GRACE JAMES,<br>*Plaintiff*,<br><br>v.<br><br>COSTCO WHOLESALE<br>CORPORATION,<br>*Defendant*. | No. 3:21-cv-01698 (VAB) |

**RULING AND ORDER ON MOTION TO REMAND**

Grace James ("Plaintiff") has sued Costco Wholesale Corporation ("Costco" or "Defendant") to recover damages in a personal injury action. *See* Notice of Removal, ECF No. 1 (Dec. 22, 2021); Ex. A to Notice of Removal, ECF No. 1 (Nov. 29, 2021) ("Compl."). Ms. James alleges that, while shopping at a Costco store in Brookfield, Connecticut, a stack of boots fell on her, resulting in injuries to the left side of her body. Compl. at 1–5 ¶¶ 3, 5–9.

On December 22, 2021, Defendant removed the case to federal court. *See* Notice of Removal, ECF No. 1 (Dec. 22, 2021). Ms. James now moves to remand this case to Connecticut Superior Court, arguing that the case was improperly removed due to lack of subject matter jurisdiction. *See* Mot. to Remand, ECF No. 12 (Dec. 30, 2021); Mem. of Law in Supp. of Pl.'s Mot. for Remand to Superior Court, ECF No. 12-1 (Dec. 30, 2021) ("Mot. to Remand").

For the reasons explained below, the motion to remand is **GRANTED**.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

On November 29, 2021, Ms. James sued Costco in the Superior Court of Connecticut for the Judicial District of Danbury, alleging negligence under state law. *See* Compl. The Complaint does not indicate the amount in controversy on its face, but, rather, includes a "statement of

amount in demand" alleging damages in excess of $2,500. *See* Compl. at 7, ECF No. 1 (Nov. 29, 2021) ("Statement of Amount in Demand").

On December 22, 2021, Costco removed the action to this Court on the basis of diversity jurisdiction. *See* Notice of Removal, ECF No. 1 (Dec. 22, 2021).

On December 30, 2021, Ms. James filed a motion to remand the case to the Superior Court of Connecticut for the Judicial District of Danbury, arguing that this Court lacks jurisdiction under 28 U.S.C. § 1332. *See* Mot. to Remand.

On January 12, 2022, Costco filed a memorandum in opposition to the motion to remand. *See* Obj. to Pl.'s Mot. to Remand, ECF No. 13 (Jan. 12, 2022) ("Opp'n").

On February 16, 2022, Costco filed an Answer to the Complaint, asserting various affirmative defenses. *See* Answer, ECF No. 14 (Feb. 16, 2022).

On February 25, 2022, the Court issued an initial scheduling order, setting the end of discovery for June 2, 2023. *See* Initial Scheduling Order, ECF No. 17 (Feb. 25, 2022).

## II. STANDARD OF REVIEW

A district court will remand a case, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]" 28 U.S.C. § 1447(c). "[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court[.]" *United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). The party asserting jurisdiction "must support its asserted jurisdictional facts with 'competent proof' and 'justify its allegations by a preponderance of the evidence.'" *S. Air, Inc. v. Chartis Aerospace Adjustment Servs., Inc.*, 3:11-CV-1495 (JBA), 2012 WL 162369, at *1 (D. Conn. Jan. 18, 2012) (quoting *United Food & Com. Workers Union*, 30 F.3d at 305)). "In light of the congressional intent to restrict federal court jurisdiction, as well as

the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (internal citations omitted).

### III.  DISCUSSION

District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a). Typically, the amount in controversy is established by the face of the complaint and the dollar-amount actually claimed. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003).

"If, however, a complaint does not state the requisite amount and if the amount is subject to dispute, then a court must determine by a preponderance of the evidence whether the amount in controversy exceeds the jurisdictional threshold." *Price v. PetSmart, Inc.*, 148 F. Supp. 3d 198, 200–01 (D. Conn. 2015) (internal citations omitted); *see also Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010) (stating that if "the pleadings are inconclusive" as to the jurisdictional amount, a court may "look to documents outside the pleadings to other evidence in the record to determine the amount in controversy" (citing *United Food & Com. Workers Union*, 30 F.3d at 305)). "A court may consider 'the nature of the claims, factual allegations within the pleadings, and the record outside the pleadings to determine the amount in controversy.'" *PetSmart*, 148 F. Supp. 3d at 201 (quoting *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 438 (S.D.N.Y. 2006)).

Here, diversity between the parties is not at issue. Rather, Ms. James argues that this Court lacks diversity jurisdiction where Costco has failed to prove, by the relevant standards, that

3

damages in this case satisfy the requisite jurisdictional amount. Mot. to Remand at 4–6. In the absence of evidence to support Costco's assertion that the amount-in-controversy is more than $75,000, Plaintiff argues that, to maintain jurisdiction, Costco should file a stipulation that Plaintiff has alleged a minimum of $75,000 in damages. *See id*. at 2–6.

In response, Defendant argues that the Complaint, which must be viewed in the light most favorable to Plaintiff at this stage of the proceedings, alleges the requisite statutory amount where it claims that a stock of boxes "crushed the left side of [Plaintiff's] body[,]" resulting in injuries, "some or all of which are permanent in nature[,]" including "a rotator cuff tear, a right distal radius fracture, and loss of use of [Plaintiff's] left hand." Opp'n at 3–4 (citing Compl.). Such numerous and significant injuries on the face of the Complaint, Defendant argues, show, by a preponderance of the evidence, injuries in excess of $75,000. *Id*. at 2–4. This is especially so, Defendant argues, where Ms. James has declined to stipulate that the value of her damages was $75,000 or less. *Id*. at 4.

The Court disagrees.

Costco, as the removing party, has failed to meet its burden of proving the amount in controversy to a "reasonable probability," or otherwise shown, by a "preponderance of evidence that the jurisdictional requirement has been met in this case." *Barber v. Ruby Tuesday, Inc.*, No. 3:07-CV-01012 (PCD), 2007 WL 9751790, at *2 (D. Conn. Aug. 20, 2007) (citing *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). Indeed, Costco has submitted no evidence in support of its briefing regarding the jurisdictional amount. Meanwhile, Ms. James's injuries, as Costco acknowledges, can be summarized as "a rotator cuff tear, a right distal radius fracture, and loss of use of [Plaintiff's] left hand." Opp'n at 4. There are allegations of pain but no allegations of medical complications, which might plausibly increase the potential

4

damages; as a result, the allegations do not, on their face, plausibly suggest an inference of damages in excess of $75,000.[1] *See Ruby Tuesday*, 2007 WL 9751790, at *2 (remanding where "hand and wrist injuries alleged by Plaintiff do not lead the Court to infer that her medical expenses will exceed $75,000"); *cf. Viens v. Wal-Mart Stores, Inc.*, No. 3:96-CV-02602 (AHN), 1997 WL 114763, at *3 (D. Conn. Mar. 4, 1997) (denying motion to remand where the "combination of [Plaintiff's] lost wage claim and her lumbar spine injury claim establish that there is a reasonable probability that the amount in controversy is over [the requisite jurisdictional amount]").

This conclusion is reinforced by Plaintiff's own characterization of the amount at issue for her claim. When Ms. James filed her complaint, she specified monetary damages "in excess of . . . $2,500[.]" Statement of Amount in Demand. Although her demand did not set an upper limit, it was filed in accordance with the requirement of Connecticut law for a plaintiff to specify an amount of $2,500 for a demand that is more than $2,500 but less than $15,000. *See* Conn. Gen. Stat. § 52-91. As a result, the Court finds no basis to conclude that, when Ms. James filed the Complaint, she contemplated damages of more than $15,000—much less $75,000, nearly five times that amount. *See PetSmart*, 148 F. Supp. 3d at 201 (remanding where, "although [Plaintiff's] demand did not set an upper limit, it was filed in accordance with the requirement of Connecticut law for a plaintiff to specify an amount of $2,500 for a demand that is more than $2,500 but less than $15,000" and, therefore "it is clear that when plaintiff filed her complaint she did not contemplate damages of more than $15, 000—much less quintuple that amount of $75,000" (emphasis omitted)).

---

[1] A review of state court judgment awards reflect a similar conclusion. *See, e.g.*, *Coppedge v. Travis*, No. HHDCV146055792, 2017 WL 3624742, at *2 (Conn. Super. Ct. July 18, 2017) (awarding $45,000 for claim of "physical and emotional pain and suffering, for loss of use of right hand and wrist," with some partial and some permanent effects).

Accordingly, the Court lacks diversity jurisdiction over this action.

IV.     **CONCLUSION**

For the reasons explained above, the motion to remand is **GRANTED**.

The Clerk of Court respectfully is directed to remand this case to the Superior Court of Connecticut for the Judicial District of Danbury.

**SO ORDERED** at Bridgeport, Connecticut, this 10th day of June, 2022.

      /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge